■ In the Matter of the Claim of Estate of CHARLES ROLLO, Deceased, Respondent, v. GENEVA FORGE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the Workmen's Compensation Board on the grounds that there was no accident within the purview of the law. The decedent was employed as a warehouse foreman in a supervisory capacity. The employer ceased its operations at Geneva, New York, and in preparation of moving to Ohio began dismantling the plant by removing partitions, pipes and other sundry items, disconnecting and removing fluorescent lights, cleaning, packing boxes and loading trucks. After working for some time the decedent, both before and after lunch, complained of being tired. Later in the afternoon he stopped for coffee, collapsed and died shortly thereafter. The autopsy report was not conclusive as to the cause of death but stated: "However, the acute onset of the terminal process, the atherosclerosis of the coronary vessels and acute visceral congestion would point toward cardiac asystole in the absence of overt evidences of other causes of acute death." When the claim was before this court (22 A D 2d 726), the decision was reversed and remitted for further proceedings because the board's finding was not so definite as " to exclude the possibility that the board considered that the work was excessive only in light of decedent's diseased condition ". When the matter again came before the board no additional testimony was taken but the attorneys for the respective parties were present and argued their contentions. Thereafter the board found " that on March 22, 1962 decedent engaged in strenuous and arduous work involving the tearing down of a partition at ceiling level with a pinch bar, that such work activity required more than normal exertion, subjected decedent to an exceptional strain and precipitated his cardiac collapse and death ", and the record sustains such finding. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.